

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 30, 2018

<u>By Hand and ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, <u>et</u> <u>al.</u>
                Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Garaufis:

      The government respectfully writes in response to the defendant Keith Raniere's submission, dated August 28, 2018, seeking closure of court proceedings relating to an anticipated motion for pretrial release on bond.

      In <u>United States v. Alcantara</u>, 396 F.3d 189 (2d Cir. 2005), the Second Circuit set forth the procedures to be followed before a court may close criminal proceedings. The court explained:

> [A] motion for courtroom closure should be docketed in the public docket files maintained in the court clerk's office. The motion itself may be filed under seal, when appropriate, by leave of court, but the publicly maintained docket entries should reflect the fact that the motion was filed, the fact that the motion and any supporting or opposing papers were filed under seal, the time and place of any hearing on the motion, the occurrence of such hearing, the disposition of the motion, and the fact of courtroom closure, whether ordered upon motion of a party or by the Court <u>sua</u> <u>sponte</u>. Entries on the docket should be made promptly, normally on the day the pertinent event occurs.

<u>Id.</u> at 200 (citations omitted). The Second Circuit in <u>Alcantara</u> also reiterated that "[b]efore excluding the public from [criminal] proceedings, district courts must make findings on the

record demonstrating the need for the exclusion." Id. at 192.  It observed that "[t]he power to close a courtroom where proceedings are being conducted during the course of a criminal prosecution . . . is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances and for very clear and apparent reasons." Id. (quoting United States v. Cojab, 996 F.2d 1401, 1405 (2d Cir. 1993)).

The Second Circuit has identified "four steps that a district court must follow in deciding a motion for closure." United States v. John Doe, 63 F.3d 121, 128 (2d Cir. 1995).  First, the Court must identify, through specific findings, whether there exists "a substantial probability of prejudice to a compelling interest of the defendant, government or third party." Id.; see also United States v. John Doe, 2015 WL 6444945, at *3 (2d Cir. Oct. 26, 2015) (summary order).  The Circuit has provided specific, illustrative examples of such compelling interests, including the defendant's right to a fair trial, the privacy interests of the defendant, victims or other persons, "the integrity of significant government activities entitled to confidentiality, such as ongoing undercover investigations or detection devices," and danger to persons or property.  John Doe, 63 F.3d at 128; see Woods v. Kuhlmann, 977 F.2d 74, 76-77 (2d Cir. 1992) (finding no error in partial closure of a courtroom for the testimony of a witness who "was 'scared to death' because she had been threatened by at least one member of the defendant's family," after the "trial judge adequately assessed the scope of [the witness's] fear.").

The defendant's thirteen-page submission fails to identify any compelling interest supporting courtroom closure of a pretrial detention hearing or the sealing of potential suretors' identities.   The defendant argues, without factual support, that he and "his supporters" have been the subject of "increasing negative press, including false and defamatory statements," and that critics of Nxivm may have access to personal information about these potential suretors that could be published if their identities were made public. Def. Mot. at 5.  Even if the Court were to credit these claims, they do not provide a sufficient basis for the Court to make specific findings that there is a "substantial probability of prejudice to a compelling interest" of any party; the defendant alleges only generalized fears of negative media attention, including in a blog critical of Nxivm, whose author publicly admits to writing "fictional stories" to make the defendant "look ridiculous," Def. Mot at 6 n.6. [1]  These allegations, which are not particularized to any individual or potential suretor, cannot support a motion for courtroom closure.

---

[1] The defendant's suggestion that the author of the blog is the recipient of a "steady stream of law enforcement leaks" is false.

      In circumstances where "a conclusory or wholly implausible allegation of danger is presented," as in this case, "a district court may be justified in denying a closure motion without making any explicit findings of fact." Doe, 63 F.3d at 130. Accordingly, the government respectfully submits that because the defendant's motion does not provide a sufficient basis for courtroom closure or sealing, it should be summarily denied.

                      Respectfully submitted,

                      RICHARD P. DONOGHUE
                      United States Attorney

By:    /s/
       Moira Kim Penza
       Tanya Hajjar
       Assistant U.S. Attorneys
       (718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
       Defense Counsel (by ECF)