UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

KEITH RANIERE, ALLISON MACK, CLARE
BRONFMAN, KATHY RUSSELL, LAUREN
SALZMAN, AND NANCY SALZMAN,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
**18-CR-204 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Defendants Keith Raniere, Allison Mack, Clare Bronfman, Kathy Russell, Lauren Salzman, and Nancy Salzman have been indicted on charges arising from their participation in Nxivm, an organization that was allegedly a criminal enterprise. (Superseding Indictment (Dkt. 50) ¶¶ 1-40.) At a status conference on September 13, 2018, the Government moved to designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). (See Tr. of Sept. 13, 2018, Hr'g ("Hr'g Tr.") (Dkt. Number Pending) 4:24; Sept. 11, 2018, Gov't Letter (Dkt. 129) at 3-4.) All Defendants oppose the Government's motion. (See Sept. 12, 2018, Defs. Letter (Dkt. 131) at 1.) For the following reasons, the court GRANTS the Government's motion and designates this case as complex.

**I.  DISCUSSION**

      "The Speedy Trial Act requires that a defendant be tried within seventy days of the unsealing of the indictment or his initial appearance before a judicial officer, whichever occurs later." United States v. Naseer, 38 F. Supp. 3d 269, 275 (E.D.N.Y. 2014) (citing 18 U.S.C. § 3161(c)(1)). This seventy-day period is flexible. Id.  Courts may, for various reasons, exclude certain periods of time from the calculation of the speedy trial period. Id. Relevant here is the statute's exclusion for matters in which the "'ends of justice' served by

delay 'outweigh the best interests of the public and the defendant in a speedy trial,'" known as Section 3161(h)(7) exclusion. Id. (quoting § 3161(h)(7)). In determining whether Section 3161(h)(7) exclusion is appropriate, courts must consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings. § 3161(h)(7)(B)(ii). In making that determination, courts consider "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law." Id.

The court agrees with the Government that these factors weighs in favor of a complex case designation. First, the superseding indictment charges six defendants with a variety of crimes. (Superseding Indictment ¶¶ 1-40.) Cases with similar numbers of defendants have been designated as complex by courts within this circuit. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197-98 (2d Cir. 1989); Minute Entry, United States v. Veliu, No. 17-CR-404 (KAM) (E.D.N.Y. Oct. 2, 2017) (designating ten-defendant, non-racketeering case complex over one defendant's objection).

Second, this case also involves voluminous and complex discovery. See United States v. Astra Motor Cars, 352 F. Supp. 2d 367, 369 (E.D.N.Y. 2005) (holding that a complex case designation was justified by the "extraordinary volume of discovery"); Minute Entry, Veliu, No. 17-CR-404 (designating case as complex and noting the "voluminous discovery"); Minute Entry, United States v. Webb, No. 15-CR-252 (PKC) (E.D.N.Y. Aug. 14, 2015) (Dkt. 61) (designating FIFA racketeering case as complex and noting that "discovery is voluminous and underway"). The Government has estimated that it currently possesses about 10 to 12 terabytes[1] of electronic data that may constitute Rule 16 discovery material (Sept. 11, 2018, Gov't Letter at 2) and

---

[1] As the Government points out (Sept. 11, 2018, Gov't Letter at 2), the Second Circuit has compared the capacity of one terabyte of data to that of 12 library floors' worth of books. See United States v. Ganias, 824 F.3d 199, 217 (2d Cir. 2016).

2

expects to continue receiving new evidence from witnesses and subpoenas going forward (Hr'g Tr. 10:15-17.)

Reviewing and producing these materials has been especially complex and time-consuming due to potential privilege issues. Just within the last two weeks, Raniere and Bronfman have provided the Government with extensive lists of attorneys with whom they may have engaged in privileged communications. (Hr'g Tr. 9:12-10:7; Sept. 11, 2018, Gov't Letter at 3.) As of the most recent status conference, the Government was still waiting for a list of attorneys from Nancy Salzman, which has slowed down its review of her data even further. (Hr'g Tr. 9:2-9.) Additionally, a significant portion of the discovery is in Spanish and requires translation. (Sept. 11, 2018, Gov't Letter at 4.)

Finally, as Raniere's counsel has suggested, this case involves novel questions of fact or law. (Hr'g Tr. 17:3 ("The Government indicted a very bold case.").) The crimes alleged in the indictment relate to over a dozen separate schemes and include a racketeering conspiracy that spanned over fifteen years. (See Sept. 11, 2018, Gov't Letter at 4.)

\* \* \*

Taking all of the factors for Section 3161(h)(7) exclusion together, and based on the representations of both the Government and Defendants, the court concludes that this case is properly designated as complex.

## II. CONCLUSION

The Government's motion for a complex case designation is GRANTED. No attorney who has appeared, or will enter an appearance on behalf of, any party in this case may commit to participating in any other trial between January 1, 2019, and June 30, 2019,[2] without first

---

[2] This period of time is subject to further extension by the court, depending on the completion of Rule 16 discovery.

3

requesting (in writing) and receiving specific permission from this court. The January 7, 2019, trial date remains in place pending further discussion at the October 4, 2018, status conference. After Magistrate Judge Scanlon establishes a discovery schedule for the parties, they are DIRECTED to confer regarding pre-trial scheduling and to propose a schedule for all pre-trial matters (built around a January 7, 2019, trial date or a proposed alternate date) before the October 4, 2018, status conference.

SO ORDERED.

Dated: Brooklyn, New York
September 18, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge