# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

September 18, 2018

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear Judge Garaufis:

    Yesterday, the government submitted a letter (ECF No. 135) in opposition to Clare Bronfman's request for modification of her bail conditions (ECF No. 126). The only portion that requires a response is the government's disingenuous suggestion, buried in a footnote, that Ms. Bronfman's letter is a "motion for reconsideration" subject to Local Civil Rule 6.3. (ECF No. 135 at 2 n.1). The government's characterization of Ms. Bronfman's letter is plainly wrong, since the Court invited Ms. Bronfman to submit further briefing and stated it would "consider anything [she] ha[s] to say." (Aug. 21, 2018 Tr. 28; *see also* Tr. 25, 27, 38). Regardless, Rule 6.3 does not apply to bail modification requests. The sole criminal case the government cites is about reconsideration of discovery orders, not bail. *See United States v. James*, 2007 WL 914242, at *2 (E.D.N.Y. Mar. 21, 2007). That is because—as we have already explained (*see* ECF No. 126 at 2)—the Bail Reform Act permits modification of bail orders "at any time," 18 U.S.C. § 3142(c)(3), and courts accordingly review modification requests *de novo*, with the government retaining the burden of proof, *see United States v. Lillemoe*, No. 3:15-CR-00025 (JCH), 2015 WL 9694385, at *1 (D. Conn. May 28, 2015); *United States v. Schlegel*, No. 06-CR-550, 2008 WL 11338900, at *2 (E.D.N.Y. June 13, 2008). *See also United States v. English*, 629 F.3d 311, 320 (2d Cir. 2011) (judge may "fully consider" the bail factors on reconsideration and "is not bound by prior rulings").

1

HAFETZ & NECHELES LLP

      As the government has not meaningfully addressed Ms. Bronfman's arguments, let alone satisfied its burden of proof, the Court should grant Ms. Bronfman's requested modification.

                                      Respectfully submitted,

                                                /s/

                                      Kathleen E. Cassidy

cc:    AUSAs Moira Kim Penza, Tanya Hajjar (via ECF)
        All defense counsel of record (via ECF)