# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

October 12, 2018

**BY ECF**

Honorable Nicholas G. Garaufis
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    *United States v. Allison Mack*,
> S1 18 Cr. 204 (NGG)

Dear Judge Garaufis:

We write respectfully on behalf of all defendants and pursuant to the Court's October 5 Order to advise the Court regarding the nature and extent of pretrial motions (unrelated to discovery or severance) that defendants currently intend to file. Specifically, the defendants currently anticipate filing motions seeking the following relief:

- Dismissal of Counts One, Two, Four, Five, and Six of the Indictment for failure to plead the government's allegations with sufficient particularity to meet the constitutional requirements of the Indictment Clause of the Fifth Amendment and for failure to state an offense, *see* Fed. R. Crim. P. 12(b)(3)(B);
- Dismissal of Count One for failing to allege predicate acts that are sufficiently related to constitute a "pattern" of racketeering activity, *see, e.g.*, *United States v. Bruno*, 383 F.3d 65, 83-85 (2d Cir. 2004);
- Dismissal of Count One in its entirety as impermissibly duplicitous for its failure to allege a single conspiracy or, in the alternative, to dismiss certain predicate acts as impermissibly duplicitous, *see* Fed. R. Crim. P. 12(b)(3)(B);

Hon. Nicholas G. Garaufis, U.S.D.J.
October 12, 2018
Page 2

- Dismissal of certain predicate acts charged under Count One for failure to allege the essential elements of the charged offenses, *see* Fed. R. Crim. P. 12(b)(3)(B);
- Dismissal of Count Seven for lack of venue, as it alleges that the charged conduct took place only "within the Northern District of New York," *see* Fed. R. Crim. P. 12(b)(3)(A);
- A bill of particulars, *see* Fed. R. Crim. P. 7(f);
- Compelling the disclosure of exculpatory information and/or information material to the preparation of the defense, *see Brady v. Maryland*, 373 U.S. 83 (1963), Fed. R. Crim. P. 16(a)(1)(E); and
- Permission for certain foreign witnesses to testify live at trial via closed-circuit television (CCTV) or, in the alternative, via deposition, *see United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999); Fed. R. Crim. P. 15.

The defendants will coordinate amongst themselves in order to streamline the motions and, wherever possible, make the motions jointly on behalf of multiple defendants. Notwithstanding that, in view of the number of counts in the Indictment—including the ten separate racketeering acts alleged in the Indictment, which span more than a decade and reference disparate conduct—as well as the individual interests of certain defendants and the complexity of the issues, we expect that it will be necessary to file multiple memoranda of law in support of the above-referenced pretrial motions and likely will seek relief from the 25-page limit contained in Your Honor's individual practices for any memorandum filed on behalf of multiple defendants.

Pursuant to the parties' jointly proposed schedule, the defense anticipates filing the above motions on or before November 16, 2018, or at whatever time set by the Court.

Respectfully yours,

/s/

William F. McGovern
Sean S. Buckley
+1 212 488 1210 / 1253

cc:    Counsel of record (by ECF)