D/F

MKM:MKP/TH
F.#2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KEITH RANIERE,
CLARE BRONFMAN,
ALLISON MACK,
KATHY RUSSELL,
LAUREN SALZMAN and
NANCY SALZMAN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

STIPULATION & ORDER

18-CR-204 (NGG) (S-1)

        WHEREAS, the government seeks to produce to all defendants in this litigation (the "Defendants") forensic copies of certain electronic devices obtained by the government pursuant to a court-authorized search of the residence of the defendant Nancy Salzman (the "Oregon Trail Devices"), some of which may contain personally sensitive information and which may contain information protected by the attorney-client privilege or work-product doctrine (the "Potentially Privileged Materials"), and

        WHEREAS, Rule 502 of the Federal Rules of Evidence provides, in pertinent part, that:

> The following provisions apply . . . to disclosure of a communication or information covered by the attorney-client privilege or work-product protection. . . . (d) A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation

1

pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court that:

1. The government will provide the forensic copies of the Oregon Trail Devices to counsel for the Defendants. Disclosure of the forensic copies of the Oregon Trail Devices will be governed by the provisions of the Stipulation and Order signed by the parties and entered by the Court on August 1, 2018.

2. By agreeing to the terms of this Stipulation and Order, the defendant Nancy Salzman does not waive, and expressly reserves, any and all rights to challenge the government's search and seizure of the Oregon Trail Devices. The government agrees not to argue that Nancy Salzman, by agreeing to the terms of this Stipulation and Order, has waived those rights. The government has identified, and will continue to identify, material on the Oregon Trail Devices that is responsive to the search warrants authorizing the seizure of the Oregon Trail Devices and will produce the material, so identified, to counsel for the Defendants.

3. Pursuant to Federal Rule of Evidence 502(d), the Court orders that the production of the Oregon Trail Forensic Copies, including the Potentially Privileged Materials, to the Defendants does not waive Nancy Salzman's rights under the attorney-client privilege, work product doctrine, or any other applicable privilege, nor is the production a waiver of any such privilege or protection in any other federal or state proceeding.

4.  By agreeing to the terms of this Stipulation and Order, and by producing the Potentially Privileged Materials pursuant thereto, the government does not concede that any of the Potentially Privileged Materials is subject to any privilege.

5.  The Firewall Assistant United States Attorney and their staff (the "Firewall Team") will identify to counsel for Nancy Salzman, on a rolling basis, Potentially Privileged Materials that the Firewall Team intends to provide to the Assistant United States Attorneys assigned to the trial in this case (the "Trial Team"), and defense counsel for Nancy Salzman may advise the Firewall Team and the other defendants (the "Parties") of any objections.

6.  In addition, defense counsel for Nancy Salzman may advise the Parties of any documents that counsel believes are subject to any privilege (collectively with the other objected-to Potentially Privileged Materials, the "Challenged Documents").

7.  The Parties will meet and confer as to the Challenged Documents, if any, and if they do not reach agreement, may request a ruling from the Court. The Firewall Team will not provide Challenged Documents to the Trial Team until an agreement is reached or an order is entered.

Dated:  Brooklyn, New York
October 19, 2018

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
Moira Kim Penza
Tanya Hajjar
Shannon C. Jones (Firewall Team)
Assistant U.S. Attorneys

Agreed to by:

_____
David Stern, Esq.
Robert Soloway, Esq.
Attorneys for Nancy Salzman

Submitted to the Court
this 19th day of October, 2018.

SO ORDERED.

s/Nicholas G. Garaufis
_____
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

4