

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 2, 2018

By ECF

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, et al.
                  Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Scanlon:

        The government respectfully submits this letter to provide an update to the Court on the status and anticipated schedule of its production of Rule 16 discovery materials. Since October 12, 2018, when the government filed its most recent letter to the Court regarding discovery, see ECF Docket Entry 169, the government has produced over 96,000 pages of discovery, including substantial productions of the results of searches of electronic accounts belonging to defendants Keith Raniere, Clare Bronfman, and Allison Mack. In addition, pursuant to a stipulation and order entered by the Court on October 19, 2018, the government has made available, to all defendants, forensic copies of nearly all the devices seized from the residence of defendant Nancy Salzman. The government has provided, submitted under separate cover, an updated list of electronic data, noting, where applicable, which defendants have received a copy.

        As the Court is aware, the government has a privilege review team (the "Firewall AUSA") separate from the prosecutors and agents responsible for the instant prosecution and investigation (the "prosecution team") to review potentially privileged materials. Three defendants — Keith Raniere, Clare Bronfman and Nancy Salzman — have asserted that certain material seized by the government may contain potentially privileged communications. In response to requests by the government, defendants Raniere, Bronfman, and Nancy Salzman have provided lists of attorneys and law firms with whom these defendants assert they had privileged communications, either in a personal capacity and/or as a representative of Nxivm. Each of these defendants have claimed attorney-client relationships with several of the same attorneys.

On October 22, 2018, the Firewall AUSA contacted counsel for Raniere, Bronfman, and Nancy Salzman and requested that each defendant describe the formation, nature, and scope of each claimed attorney-client relationship and the specific dates of each attorney's representations. The Firewall AUSA also requested that counsel for Raniere, Bronfman, and Nancy Salzman indicate if and why, in their view, the inclusion of a co-defendant on an email or communication with a particular attorney would not waive such a privilege. To date, the Firewall AUSA has received some useful information, but the responses are incomplete. Accordingly, the government respectfully requests that the Court set Friday, November 9, 2018—a date defense counsel has agreed is feasible—as the deadline by which counsel for Raniere, Bronfman, and Nancy Salzman must provide the foregoing information to the Firewall AUSA as a first step towards determining the existence and scope of any asserted privilege. See United States v. International Brotherhood of Teamsters, et al., 119 F.3d 210, 214 (2d Cir. 1997) ("The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.") (citation omitted); In re Grand Jury Subpoena Dated Jan. 4, 1984, 750 F.2d 223, 224-25 (2d Cir. 1984) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions." (internal citations and quotation marks omitted)); United States v. Weissman, 195 F.3d 96, 99 (2d Cir. 1999) (the burden of demonstrating the existence of a "joint defense agreement" is on the party asserting the privilege); United States v. Simels, No. 08-CR-640 (JG), 2008 WL 5383138 (E.D.N.Y. Dec. 18, 2008) ("At some point, the party's failure to affirmatively assert a cognizable claim of privilege will result in its waiver.") (citations omitted).

Once it has the information described above, the government will be prepared to promptly inform the Court whether any legal or factual disputes exist with regard to claimed privileges and to propose a briefing schedule to resolve any remaining issues.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Moira Kim Penza
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (NGG) (by ECF)
      Counsel of Record (by ECF)