# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

December 18, 2018

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG) (VMS)

Dear Judge Garaufis:

    In an Order entered 12/12/18 (Docket No. 240), the Court held that the existing no-contact conditions imposed on defendants Clare Bronfman and Kathy Russell "sweep too broadly" in relation to the government's objective that Bronfman and Russell "not interfere with witnesses, harass victims of the charged enterprise, or collude with their alleged co-conspirators (including their co-defendants)." Dkt. 240 at 4.  In response to the Court's Order that the government propose new no-contact conditions and explain the need for such conditions, the government has proposed very similar conditions to those already in place that still sweep too broadly and are not narrowly tailored to any government interest in preventing defendants from associating with witnesses, victims, or co-conspirators.

    As set forth below, defendants Bronfman and Russell respectfully submit that the Court should impose their proposed more narrowly tailored conditions which would satisfy the requirement that the conditions imposed be the "least restrictive" that "will reasonably assure. . . the safety of . . .other person[s] and the community."  18 U.S.C. § 314(c)(1)(B); Dkt. 240 at 4.

    **A. Stripe Path**

    First, the government has proposed to replace the "Stripe Path Condition" with a condition prohibiting contact with 309 enumerated individuals on the "Coach List" – a proposal that does not sufficiently narrow the list of people defendants are prohibited from contacting. The fact that the government has located in discovery a list that enumerates hundreds of people who were on the Stripe Path at coach level or above does not mean that the people on that list now comprise a reasonable proxy for "witnesses,…victims…, or…alleged co-conspirators." Dkt. 240 at 4.  The list of 309 individuals includes 245 coaches, the lowest rank above student, which

HAFETZ & NECHELES LLP

simply means the individual had taken enough NXIVM classes/trainings in order to function as a facilitator (not teacher) at NXIVM trainings, as a student-teacher in certain NXIVM classes, or to work with students in a one-on-one coaching role, and has enrolled two other students. Aside from including at least two deceased individuals, the Coach List also includes people who have not participated in any NXIVM activities in years, individuals who worked as coaches for NXIVM for limited periods of time but who had entirely separate careers and no operational role in NXIVM's business, and dozens of people whom defendants Bronfman and Russell have never heard of. Nevertheless, the government makes the remarkable claim that the *entire* Coach List of more than 300 people "consists of named defendants, co-conspirators and potential witnesses." Gov Ltr. 2. The government ignores the problem articulated by the Court about the initial no-contact provision – that "only Keith Raniere's inner circle of trusted advisors, *not Nxivm or the Stripe Path*, is accused of being a criminal enterprise." Dkt. 240 at 4-5 (emphasis added).

As the Court correctly recognized, many of the hundreds of individuals who were involved with NXIVM by participation on the Stripe Path had no operational role in NXIVM's management or business organization other than by participating in its educational programs. The indictment defines the enterprise as "Raniere's inner circle" – a loose affiliation of individuals who were high-ranking NXIVM or DOS members.[1] To the extent that rank in NXIVM is relevant to determining proximity to defendants and possible knowledge of facts surrounding the conduct alleged in this case, that category could be addressed by a much more narrowly tailored non-association provision that prohibits contact with anyone currently or formerly on the NXIVM Executive Board. Individuals who were on the Executive Board of NXIVM is indisputably a better proxy for people who were close affiliates of Raniere and defendants than the entirety of the Coach List, which includes many people who likely did not even know Raniere – or the other defendants – personally. Thus, defendants propose a condition that prohibits contact with current or former members of the NXIVM Executive Board.[2] Notably, this category would include the two individuals identified in footnote one to the government's letter as "CC1" and "CC2." To further address the government's concern about alleged victims or witnesses, defendants propose a condition that prohibits them from contacting (outside the presence of counsel) any Jane or John Doe who has been identified by the government to date.

Defendant's proposal is narrowly tailored to address the government's concern, whereas the government's Coach List proposal continues to try to shift the burden to defendants to identify individuals on the Coach List who do not pose any risk, rather than recognizing that it is

---

[1] As the Court noted in its Order, Bronfman does not object to the condition that she not associate with anyone she now knows to be a current or former member of DOS.

[2] Defendants submit separately a list of individuals who are believed to be current and former Executive Board members of NXIVM. Defendants would voluntarily agree to reasonable supplements to this list for high-ranking individuals affiliated with NXIVM identified by the government, or in the event that defendants have unintentionally omitted any Executive Board members.

the government's burden to prove to the Court that there is an individualized need for a no-contact condition for the individuals identified.

### B. The Employment Condition

The government proposes to narrow the "Employment Condition" to any individual that defendants know or believe to have been employed by NXIVM, or an affiliate, in the capacity of bookkeeping, accounting or video editing, or for whom a visa was sought based on an affiliation with a defendant, NXIVM, or an affiliate.

The government has not met its burden of explaining the need for such a condition for these defendants. First, neither Russell nor Bronfman is alleged to have participated in any wrongdoing associated with video editing (see Racketeering Act 3). Nor are any of the Racketeering Acts or any counts charged against any defendant related to NXIVM or an affiliate's bookkeeping or accounting. The only "financial crimes" alleged in the Superseding Indictment are an allegation that Bronfman transferred money to Jane Doe 3 to make it appear as if she had financial resources for an investor visa, when she did not, and an allegation that Bronfman and Raniere conspired to commit identity theft by facilitating use of and payment for Raniere's deceased partner's credit card after she died. (*See* Racketeering Acts 5, 10, and Count 7). Neither of these alleged offenses has any relation to NXIVM or an affiliate's bookkeeping or accounting.[3] Finally, the immigration violations charged in the Superseding Indictment against Russell and Bronfman involve two individuals who are included on the government's Jane and John Doe list, and are alleged to have occurred in 2004 and 2009 (*see* Racketeering Acts 1 and 5), fourteen and almost ten years ago, respectively. Any concern the government may have related to defendants' interactions with witnesses or victims related to these alleged crimes is adequately addressed by the defendants' proposed condition that they not associate with the individuals on the Jane and John Doe list.

### C. Defendant's Proposal is Reasonably Tailored to Address the Court's Concerns

Defendants propose that they will not contact outside the presence of counsel:

- Any members or former members of the NXIVM Executive Board;

- Any co-defendants;

- Anyone on the Jane/John Doe list of alleged "victims" of the offenses identified in indictment;

---

[3] As further support for the fact that this condition is not narrowly tailored to address any legitimate concern about associating with witnesses or co-conspirators, the government has already agreed to allow Ms. Russell to associate with several individuals who are her close friends and who were involved in NXIVM's accounting and/or bookkeeping, at least one of whom was also named on the Coach List.

HAFETZ & NECHELES LLP

- Any individuals she now knows to be a current or former member of DOS. (This condition would apply to Bronfman, but not Russell. As the Court noted in its Order, Russell is not subject to this condition. Dkt. 240 at 2, n. 2.)

No more restrictive conditions are necessary to "reasonably assure. . . the safety of any other person and the community." The government's new proposals would continue to impose more burdensome restrictions on defendants' associational rights than can be justified by the facts or the government's submissions.

                                        Respectfully submitted,

                                        /s/

                                        Kathleen E. Cassidy


cc:  AUSAs Moira Kim Penza, Tanya Hajjar (via ECF)
     All Counsel of Record (via ECF)