# SHER TREMONTE LLP

January 11, 2019

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raniere, et al.*,
             18 Crim. 204 (NGG)

Dear Judge Garaufis:

    As directed by the Court, we write on behalf of Kathy Russell to respectfully request that the trial date be adjourned. We concur with the reasons stated in the joint motion to sever on behalf of the three non-DOS defendants regarding the need for a later and separate trial date, *see* ECF No. 276, but write to detail our particular scheduling concerns.

    As set forth in the motions to dismiss, the current indictment alleges disparate predicate acts spanning a 13-year period. Ms. Russell is named in only two predicate acts: (i) entering the United States in 2004 with an undocumented alien, and (ii) participating in some unspecified way in a conspiracy to use someone else's identity to hack into email accounts between 2006 and 2008. However, because the government has charged a RICO conspiracy, it need not detail all of the predicate acts it will actually seek to prove at trial. There is an enormous amount of discovery, and some of it is yet to be produced. In order to determine what portions of the discovery should be prioritized for review and thereby effectively prepare for trial, we need advance notice of what *particular* acts and criminal conduct the government will seek to establish at trial as to Ms. Russell. Notably, the three non-DOS defendants did not get the benefit of the more detailed allegations of a Complaint, and are left with a bare-bones indictment which does not even incorporate the underlying statutory offenses in many instances.

    Given the March trial date, we had hoped to have these needed details by now. In August 2018, the defendants jointly filed a request for a bill of particulars. Among other things, the request asked the government to "identify and describe any crimes or actions

that the government will use in an attempt to prove the existence of an Enterprise and how that Enterprise functioned." *See* ECF No. 195-1 at 1. Our motion for a bill of particulars is pending. *See* ECF No. 193. We had also expected that additional details might be forthcoming in a superseding indictment, which the government repeatedly represented was highly likely, at one point representing that it would be filed by mid-December. *See, e.g.*, Sept. 14, 2018 Tr. at 11:21-22, 12:5-10 ("MS. PENZA: We think it is highly likely that we will supersede to add additional charges against the defendants, who have already been charged, within the next several months by [*mid-December*], Your Honor.") (emphasis added); *see also* Gov't MTD Opp. (ECF No. 248) at 47 n.20 ("[T]he government expects that this issue will be rendered moot when the government presents a superseding indictment to the grand jury in this case."). At Wednesday's court appearance, the government made clear that it still intends to supersede but indicated that its timing depends on, among other things, "resolution of a number of . . . privilege issues." Jan. 9, 2019 Tr. at 5:7-8. Notably, the privilege litigation primarily concerns the non-DOS defendants, in particular Ms. Bronfman and Ms. Salzman.

While it is certainly the government's prerogative when and if to seek a superseding indictment, and we have no ability to insist on a deadline for it to do so, the fact that none has been filed means that the motion to admit enterprise evidence ("the Enterprise Letter") is likely the earliest date the government will provide specifics as to what particular allegations Ms. Russell and the other non-DOS defendants need defend against at trial. In October, when the defense still expected a superseding indictment by year-end, the parties agreed to January 28, 2019[1] as the deadline for the Enterprise Letter. Now, given the volume of the discovery produced to date, the significant discovery that is still being produced, and that no superseding indictment has been filed, January 30, 2019 is too late to receive notice of the specific predicate acts the government will prove at trial. Indeed, under the current schedule, less than two weeks after receipt of the Enterprise Letter, the parties are to submit a joint jury questionnaire; motions *in limine* are due February 13, 2019; over 500 jurors will be summoned to the courthouse on March 5, 2019; and openings are set to begin on March 18, 2019. But since the Enterprise Letter will likely add predicate acts that are not identified in the indictment, there is simply not enough time to meaningfully review the discovery materials, conduct pretrial investigations, and devise a coherent defense strategy that takes into account the additional information.

Judge Engelmayer addressed the importance of the timing of an "enterprise letter" in *United States v. Sierra*, No. 11 CR. 1032 PAE, 2012 WL 2866417, at *2-5, 8 (S.D.N.Y. July 11, 2012). There, he rejected a government's proposal to provide an enterprise letter two months in advance of trial because "[a]mple pretrial notice of these matters is important," in order "to give the defense meaningful guidance, in preparing for trial, as to what to look for within the mountain of discovery materials," and "to enable counsel for each defendant to mount an independent pretrial investigation." 2012 WL 2866417 at *2-4. Because notice was so important to the fairness of the proceedings,

---

[1] That deadline was extended to January 30, 2019 by order of the Court on January 9, 2019.

Judge Engelmayer directed the government to provide the enterprise letter *over five months* before the scheduled trial. *Id.*

      Here, given the complexities of the case, the volume of discovery and the anticipated time-consuming challenges of selecting a jury, we respectfully request that trial be adjourned to a date at least 90 days after the government's disclosure of its enterprise evidence.

      Defendants Clare Bronfman and Nancy Salzman join in this request.

      We appreciate the Court's consideration.

                               Respectfully submitted,

                                 /s/ Justine A. Harris

                                 Justine A. Harris

cc: All Counsel (via ECF)