# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
256 5TH AVENUE
NEW YORK, NEW YORK 10001
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

March 18, 2019

**Via ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *United States v. Raniere, et al.*
     **Criminal Docket No. 18-204 (NGG) (S-2)**

Dear Judge Garaufis:

  Please accept this letter in further support of Clare Bronfman's motion for severance. Prior to the government's filing of the Second Superseding Indictment on March 13, 2019, we moved for and argued that Ms. Bronfman was entitled to a severance. The government has failed to rebut our overwhelming showing of the unfair prejudice that Ms. Bronfman would suffer in a joint trial. The newly-filed Second Superseding Indictment makes the situation far worse, as Mr. Raniere is now charged with child exploitation and child pornography. These new charges are even more inflammatory and prejudicial to Ms. Bronfman than the DOS charges, which already warranted a severance. It is inconceivable that the purported evidence underlying these charges would be admitted against Ms. Bronfman at a separate trial. Ms. Bronfman is not alleged to have known about or participated in such conduct, and other than being tacked onto the same overbroad RICO conspiracy, it has nothing to do with the charges against her. As we have already shown, courts sever RICO cases to avoid unfair prejudice, and it is difficult to imagine a more compelling case than one in which a co-defendant is charged with sex crimes against a child.

  It is not simply the nature of the additional charges, but the specifics of the evidence that will be introduced to prove those charges, that necessitates severance. The alleged fact of a sexual relationship between a man in his late forties and a fifteen-year-old is alone likely to be so offensive to potential jurors

and selected jurors as to deprive Ms. Bronfman of a fair trial. But here, the evidence that the government will introduce to prove the enticement and child pornography charges is so likely to appall and offend the jury that the evidence will define how the jury perceives not only Raniere, but also the women surrounding him at trial. These explicit and close-up photos—allegedly of a minor—suggest such a disregard of social norms and possibly the laws regarding sex with minors that it will be difficult for jurors to believe this did not carry over to other aspects of Mr. Raniere's life; thus, this evidence will unfairly and inevitably infect the jurors' perceptions of people like Ms. Bronfman, who were close to Raniere.

A cynic might believe that the government actually orchestrated the timing of the Second Superseding Indictment to coincide with Nancy Salzman's plea allocution to maximize the prejudice to Ms. Bronfman and the jury pool less than four weeks before jury selection is scheduled to begin.[1] By deliberately waiting to bring the Second Superseding Indictment until the day of Ms. Salzman's plea, the government was assured of lurid headlines and the tabloid breathlessness that accompany such prosecutorial theater.








---

[1] The information relied on in bringing the Second Superseding Indictment seems to have been in the government's possession since at least March 26, 2018, when the FBI executed search warrants at 8 Hale Drive and 3 Oregon Trail in Halfmoon Bay, NY.

A brief survey of the press coverage resulting from this calculated manipulation demonstrates the extreme and undue prejudice the mere filing of the Second Superseding Indictment has caused Ms. Bronfman. Indeed, article after article focuses on the new alleged child pornography charges and link Ms. Bronfman to sex crimes that she is not alleged to have anything to do with. For instance, one article inaccurately reports: "Several women, including former *Smallville* star Allison Mack and Seagram liquor heir Clare Bronfman, allegedly helped run the operation and are awaiting trial on sex trafficking charges." *See* https://www.buzzfeednews.com/article/briannasacks/nxivm-group-founder-child-porn-charges.

In this blatantly inaccurate reporting, Ms. Bronfman has been falsely accused of having actual knowledge of alleged relationships between Raniere and underage girls. *See, e.g.,* https://www.usatoday.com/story/news/nation/2019/03/14/keith-raniere-nxivm-founder-child-porn-charge-alleged-cult-case/3165006002/ ["The prosecutors also said they have dated images of the victim that were created and possessed by Raniere and evidence showing his co-defendants, including actress Allison Mack and Seagram's liquor fortune heiress Clare Bronfman, knew of two relationships he had with underage girls."]; *see also* https://www.sfgate.com/news/article/NXIVM-President-Nancy-Salzman-pleads-guilty-in-13685799.php; https://jezebel.com/nxivm-leader-keith-raniere-hit-with-child-pornography-c-1833287834.

Contrary to this reporting, the government's reply in support of its enterprise motion identified only Nancy Salzman or generic "defendants" as having knowledge of Raniere's alleged relationships with underage girls; significantly, there have been no allegations whatsoever linking Ms. Bronfman to any such knowledge. (Dkt. 407 at 14).

Even the government seems to recognize the extreme prejudice to Ms. Bronfman if a severance is not granted. In fact, as recently as last Thursday, the prosecutors themselves hinted that they were unsure if Ms. Bronfman would be going to trial on this charging document next month. It seems they too recognize that Ms. Bronfman should not have to be dragged along as collateral damage in a joint trial with Mr. Raniere based on these new inflammatory allegations.

The Court noted at our last appearance that it would entertain severing any new counts if fairness and due process called for it. The problem with severing just those counts and not Ms. Bronfman entirely is that a severance of certain counts would not solve the problem of prejudice and taint of the jury pool caused by the addition of these new inflammatory charges. And from a practical standpoint, if Mr. Raniere will eventually have to face these counts, why not now? Rather than severing the counts and trying Mr. Raniere twice, it makes infinitely more sense to sever Ms. Bronfman so that she is tried separately from Mr. Raniere. In fact, since Nancy Salzman has pled guilty, a severance would not consume more time or judicial resources than what was already contemplated in this case. Indeed, a separate trial of the non-DOS Defendants would necessarily take less time, and the evidence would be substantially streamlined.

Therefore, for the foregoing reasons as well as the reasons previously set forth in support of severance, we respectfully request the Court order Ms. Bronfman severed from Mr. Raniere for trial.[2]

Truly yours,

*/s/ Mark J. Geragos*

Mark J. Geragos
GERAGOS & GERAGOS

cc: All Counsel (via ECF)

---

[2] Ms. Bronfman also joins in the arguments raised by Mr. Raniere's counsel in his letter to the Court dated March 17, 2019. Specifically, as Mr. Agnifilo aptly notes, Count Eleven of the Second Superseding Indictment charging Raniere and Ms. Bronfman with Conspiracy to Commit Identity Theft (previously charged as Count Seven in the First Superseding Indictment) is venued only in the Northern District of New York. Therefore, as explained by Mr. Agnifilo and in our motion to dismiss the former Count Seven on venue grounds, Count Eleven must be dismissed.