UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- v. -

KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, and LAUREN SALZMAN,

Defendants.

---

No. 18-cr-204 (NGG) (VMS)

**Date of service: March 22, 2019**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLARE BRONFMAN'S MOTION TO DISMISS THE S-2 INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

Mark J. Geragos
Geragos & Geragos, APC
644 S. Figueroa St.
Los Angeles, CA 90017
(213) 625-3900

Tina Glandian
Geragos & Geragos, APC
256 5th Avenue
New York, New York 10001
(213) 625-3900

Alexandra A.E. Shapiro
Fabien M. Thayamballi
Shapiro Arato Bach LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880

Kathleen E. Cassidy
Caroline M. Grosshans
Hafetz & Necheles LLP
10 East 40th Street, 48th Floor
New York, New York 10016
(212) 997-7400

*Attorneys for Defendant Clare Bronfman*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   COUNTS ONE AND TWO MUST BE DISMISSED FOR DEFECTS IN THEIR PREDICATE ACTS, AND COUNT ELEVEN MUST BE DISMISSED ON SIMILAR GROUNDS ........................................................................................... 2

    A.   The Dismissal Of Any Predicate Act Underlying Count One Or Count Two Requires Dismissal Of The Entire Count ............................................................. 2

    B.   Several Predicate Acts Fail To Identify Their "Underlying Offenses" .................. 2

        1.   The Predicate Acts Alleged In Count One Are Inadequate ......................... 2

        2.   The Predicate Acts Alleged In Count Two Are Inadequate ........................ 6

    C.   Several Predicate Acts And Count Eleven Fail To Allege The Essential Elements Of Their "Underlying Offenses" ............................................................ 7

    D.   Count Two, Act 11, Is Missing Essential Elements .............................................. 8

    E.   Count Two, Act 1-A, Relies On An Unconstitutional Statute ............................... 9

II.  COUNTS ONE AND TWO MUST BE DISMISSED FOR FAILURE TO ALLEGE A PATTERN OF RACKETEERING ACTIVITY ............................................ 10

III. COUNTS ONE AND TWO ARE IMPERMISSIBLY DUPLICITOUS ........................ 10

IV.  COUNT ELEVEN MUST BE DISMISSED FOR LACK OF VENUE ........................ 10

V.   COUNTS ONE AND TWO ARE UNCONSTITUTIONALLY VAGUE ...................... 11

VI.  THE COURT SHOULD DISMISS THE S-1 INDICTMENT AS WELL .................... 11

VII. BRONFMAN IS ENTITLED TO A BILL OF PARTICULARS ................................... 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Descamps v. United States*,
    570 U.S. 254 (2013) .................................................................................................. 5

*Jones v. United States*,
    99 A.3d 679 (D.C. 2014) ......................................................................................... 12

*McIntosh v. United States*,
    385 F.2d 274 (8th Cir. 1967) .................................................................................... 4

*Quang Thanh Tran v. State*,
    962 So. 2d 1237 (Miss. 2007) ................................................................................... 4

*Stirone v. United States*,
    361 U.S. 212 (1960) .................................................................................................. 5

*United States v. Applins*,
    637 F.3d 59 (2d Cir. 2011) ....................................................................................... 5

*United States v. Ashurov*,
    726 F.3d 395 (3d Cir. 2013) ..................................................................................... 9

*United States v. Barnes*,
    158 F.3d 662 (2d Cir. 1998) ................................................................................... 13

*United States v. Basciano*,
    599 F.3d 184 (2d Cir. 2010) ..................................................................................... 5

*United States v. Cabrales*,
    524 U.S. 1 (1998) .................................................................................................... 11

*United States v. Cardamon*,
    No. 87 CR 014, 1987 WL 9323 (N.D. Ill. Apr. 3, 1987) ......................................... 7

*United States v. Corallo*,
    413 F.2d 1306 (2d Cir. 1969) ................................................................................... 4

*United States v. D'Amato*,
    39 F.3d 1249 (2d Cir. 1994) ..................................................................................... 6

*United States v. Doyle*,
    No. 06-CR-224, 2007 WL 542138 (E.D. Wis. Feb. 16, 2007) ................................. 4

*United States v. Fried*,
   450 F. Supp. 90 (S.D.N.Y. 1978) ............................................................................................... 9

*United States v. Khalje*,
   658 F.2d 90 (2d Cir. 1981) ........................................................................................................ 9

*United States v. Knowles*,
   2 F. Supp. 2d 1135 (E.D. Wis. 1998) ........................................................................................ 4

*United States v. Menendez*,
   137 F. Supp. 3d 688 (D.N.J. 2015) ............................................................................................ 9

*United States v. Mills*,
   No. CR295-42, 1996 WL 634207 (S.D. Ga. May 1, 1996) ....................................................... 4

*United States v. Motz*,
   652 F. Supp. 2d 284 (E.D.N.Y. 2009) ..................................................................................... 11

*United States v. Neapolitan*,
   791 F.2d 489 (7th Cir. 1986) ..................................................................................................... 7

*United States v. Peterson*,
   357 F. Supp. 2d 748 (S.D.N.Y. 2005) ..................................................................................... 11

*United States v. Pirro*,
   212 F.3d 86 (2d Cir. 2000) ........................................................................................................ 8

*United States v. Roshko*,
   969 F.2d 1 (2d Cir. 1992) .......................................................................................................... 5

*United States v. Sierra*,
   No. 11 CR. 1032 PAE, 2012 WL 2866417 (S.D.N.Y. July 11, 2012) .................................... 13

*United States v. Stringer*,
   730 F.3d 120 (2d Cir. 2013) .................................................................................................. 8, 9

*United States v. Tonelli*,
   577 F.2d 194 (3d Cir. 1978) ................................................................................................... 8, 9

*United States v. Vendetti*,
   No. 10-CR-360, 2013 WL 5522434 (W.D.N.Y. Oct. 3, 2013) ................................................. 7


**Statutes and Rules**

8 U.S.C. § 1324 ............................................................................................................................ 6, 9

18 U.S.C. § 1028 ............................................................................................................................. 3

18 U.S.C. § 1512 ............................................................................................................................. 3

18 U.S.C. § 1546 ..................................................................................................................... 3, 6, 8

18 U.S.C. § 1589 ............................................................................................................................. 3

18 U.S.C. § 1590 ............................................................................................................................. 3

18 U.S.C. § 1591 ............................................................................................................................. 3

18 U.S.C. § 1592 ............................................................................................................................. 3

18 U.S.C. § 1952 ............................................................................................................................. 4

18 U.S.C. § 1956 ............................................................................................................................. 4

18 U.S.C. § 1957 ............................................................................................................................. 4

18 U.S.C. § 2251 ............................................................................................................................. 5

18 U.S.C. § 2252 ............................................................................................................................. 5

Fed. R. Crim. P. 12 ...................................................................................................................... 11

Fed. R. Crim. P. 18 ...................................................................................................................... 11

Fed. R. Crim. P. 20 ...................................................................................................................... 11

Fed. R. Crim. P. 21 ...................................................................................................................... 11

**PRELIMINARY STATEMENT**

The government waited until weeks before jury selection to bring the S-2 Indictment, which is not just designed to pollute the jury venire, but is also fatally infirm. The government has doubled down on the vague, incomplete, and unconstitutional pleading strategies it employed in drafting the S-1 Indictment. As a result, the S-2 Indictment lacks essential elements. It ambiguously charges violations of broad statutes—each covering multiple potential crimes. The complete failure to provide adequate notice of or disclose the basis for the grand jury's charges, in violation of the Fifth and Sixth Amendments, is inexcusable, and the government compounds the prejudice by refusing to provide the particulars necessary to enable Defendants to prepare for trial. Once again, a cynic might posit that the Superseding Indictment was designed to engineer an adjournment of the trial.

Like the S-1 Indictment, the S-2 Indictment must be dismissed. (Dkt. 50 ("S-1"); Dkt. 430 ("S-2")).[1] As the Court instructed, we fully incorporate our prior briefing by reference and cite it where appropriate. (Dkt. 194 ("Mot."); Dkt. 233 ("Supp. Mot."); Dkt. 257 ("Reply"); Dkt. 391 ("Supp. Reply")).

---

[1] References to counts and predicate acts refer to the S-2 Indictment unless otherwise specified. Bronfman joins Keith Raniere's motion to preclude the government's proposed experts and, to the extent applicable to her, Raniere's motion to dismiss. Bronfman reserves the right to join in Raniere's renewed motion for CCTV testimony.

# ARGUMENT

I. **COUNTS ONE AND TWO MUST BE DISMISSED FOR DEFECTS IN THEIR PREDICATE ACTS, AND COUNT ELEVEN MUST BE DISMISSED ON SIMILAR GROUNDS**

    A. **The Dismissal Of Any Predicate Act Underlying Count One Or Count Two Requires Dismissal Of The Entire Count**

If a predicate act is dismissed, the Court must dismiss any RICO count for which the grand jury determined that the predicate act was part of the pattern of racketeering activity. (Mot. 17-19 & n.7, 20 n.9, 28; Reply 2). The government has conceded this point (Reply 2; Supp. Reply. 2 n.1), and it applies equally to Counts One and Two.

    B. **Several Predicate Acts Fail To Identify Their "Underlying Offenses"**

When a crime charged under one statute depends on the defendant's violation or intent to violate a separate federal statute, the indictment must identify that underlying violation (which we have called an "Underlying Offense"). (Mot. 26-31; Reply 2-6). The RICO charges contain Underlying Offenses in the form of predicate acts, and many of those predicate acts rely on other Underlying Offenses as well. (Mot. 27-28). The S-1 Indictment often failed to identify which Underlying Offenses were charged, and the S-2 Indictment is far worse.[2]

        1. *The Predicate Acts Alleged In Count One Are Inadequate*

Count One, the RICO conspiracy count, now lists vague categories of predicate acts, rather than specific instances of conduct. (S-2 ¶ 15). And rather than identifying the specific statutory provisions that the Defendants violated or conspired to violate, Count One cites broad sections of the United States Code under which the unspecified "acts [are] indictable" (*id.*):

---

[2] While we rely primarily on the "Underlying Offense" cases previously cited, we also include footnotes referring the Court to additional cases concerning certain of the charged statutes.

2

**Count One, category (a)** charges unspecified violations of "Title 18, United States Code, Section 1028 (identification document fraud and identification document fraud conspiracy, and identity theft and identity theft conspiracy)." (S-2 ¶ 15(a)). But that statute lists at least eight different crimes, none of which are specified in the Indictment. 18 U.S.C. § 1028(a)(1)-(8), (f). Moreover, one of the potential crimes depends on other, unspecified violations of federal, state, or local law, *see id.* § 1028(a)(7), and another potential crime depends on an underlying, unspecified fraud against the United States, *see id.* § 1028(a)(4). (*See also* Mot. 27).

**Count One, category (c)** charges unspecified violations of "Title 18, United States Code, Section 1512 (obstruction of justice and obstruction of justice conspiracy)." (S-2 ¶ 15(c)). That statute contains a multitude of crimes. 18 U.S.C. § 1512(a)(1)(A)-(C), (a)(2)(A)-(C), (b)(1)-(3), (c)(1)-(2), (d)(1)-(4), (k).

**Count One, category (d)** charges unspecified violations of "Title 18, United States Code, Section 1546 (visa fraud)." (S-2 ¶ 15(d)). That statute lists a half-dozen crimes. 18 U.S.C. § 1546(a) (defining several crimes); *id.* § 1546(b)(1)-(3).

**Count One, categories (e) through (h)** charge unspecified violations of statutes criminalizing "forced labor," "trafficking in persons," "sex trafficking," and "document servitude." (S-2 ¶¶ 15(e)-(h)). Each of those statutes contains multiple crimes. 18 U.S.C. §§ 1589-1592. Moreover, at least two of those statutes refer to other violations of federal law. *Id.* §§ 1590(a), 1592(a)(1)-(2). (*See also* Mot. 28).

**Count One, category (i)** charges unspecified violations of "Title 18, United States Code, Section 1952 (interstate and foreign travel in aid of racketeering)." (S-2 ¶ 15(i)). That statute lists multiple potential crimes, none of which are specified in the Indictment, and each crime

3

depends on some underlying "unlawful activity," which is also not identified in the Indictment. 18 U.S.C. § 1952(a)(1)-(3), (b)(i)(1)-(3).[3]

**Count One, category (j)** charges unspecified violations of "Title 18, United States Code, Sections 1956 and 1957 (money laundering and money laundering conspiracy)." (S-2 ¶ 15(j)). Section 1956 lists multiple money laundering crimes, none of which are specified in the Indictment, and the various crimes in both §§ 1956 and 1957 depend on underlying "specified unlawful activity" or some other violation of law, which is also not identified in the Indictment. 18 U.S.C. § 1956(a)(1)-(3), (a)(7)(A)-(G); *id.* § 1957(a), (f)(3).[4]

---

[3] In § 1952 cases, "[r]eference to the [underlying] law is necessary . . . to identify the type of unlawful activity in which the accused was engaged." *United States v. Corallo*, 413 F.2d 1306, 1320 (2d Cir. 1969) (quoting *McIntosh v. United States*, 385 F.2d 274, 276 (8th Cir. 1967)); *see also McIntosh*, 385 F.2d at 276 ("Indeed, the indictment would probably be subject to attack if it failed to allege the [underlying] crime the accused had intended to violate by means of an interstate facility."); *United States v. Doyle*, No. 06-CR-224, 2007 WL 542138, at *11 (E.D. Wis. Feb. 16, 2007) (citing cases for the proposition that when charging § 1952 offenses, the indictment must "identify the type of unlawful activity in which the defendants intended to engage").

[4] *See Quang Thanh Tran v. State*, 962 So. 2d 1237, 1243-44 (Miss. 2007) (money laundering indictment that fails to "*specify* the underlying offense" whose proceeds are being laundered violates "the Fifth and Sixth Amendments to the United States Constitution"); *United States v. Knowles*, 2 F. Supp. 2d 1135, 1141 (E.D. Wis. 1998) (dismissing indictment because "neither the court nor the defendant should be required to guess concerning the alleged underlying offense that constitutes the 'specified unlawful activity'"); *United States v. Mills*, No. CR295-42, 1996 WL 634207, at *20 (S.D. Ga. May 1, 1996) ("[I]n both the indictment and at trial the Government must specify the preceding unlawful activity (*i.e.*, the underlying offense) from which the § 1957 laundered proceeds were derived."); *Doyle*, 2007 WL 542138, at *11 ("under the money laundering statute, . . . the indictment must advise the defendant of the specific unlawful activity at issue"); Jury Instructions, *United States v. Ng Lap Seng*, No. 15-cr-706 (S.D.N.Y.), Tr. 4268 ("[A]ll 12 of you must agree on the particular specified unlawful activity or activities that the defendant intended to promote. If you cannot unanimously agree on at least one type of specified unlawful activity, then you must find the defendant not guilty of [money laundering]."); Br. of U.S. in Opp'n to Cert., *Ping v. United States*, 2008 WL 4338085 (U.S.), at *5 (in S.D.N.Y. money laundering trial, "[t]he court also instructed the jury that it was required to be unanimous as to which specified unlawful activity . . . it found").

4

**Count One, categories (k) and (l)** charge child exploitation and child pornography offenses, but again, the statutes list multiple crimes. 18 U.S.C. §§ 2251-2252.

The government will argue, as before, that when charging a RICO conspiracy, it is permitted to plead predicate acts by citing statutory provisions. (Dkt. 248 at 27-29). But the government must identify "specific statutory provision[s]," not broad sections of the United States Code that cover myriad unspecified crimes. (Reply 5 (quoting *United States v. Applins*, 637 F.3d 59, 81-82 (2d Cir. 2011))). A RICO count as vague and ambiguous as Count One does not satisfy the Fifth and Sixth Amendments. (Mot. 29-31; Reply 3-6 (citing, *e.g.*, *Descamps v. United States*, 570 U.S. 254, 272 & n.4 (2013))).

The clearest evidence is that it is impossible to draft sensible jury instructions. The predicate acts in Count One encompass so many different potential crimes—many of which cross-reference a nearly limitless array of Underlying Offenses—that the Court cannot possibly instruct the jury on all of them. (S-2 ¶ 15). **If the government contends otherwise, it should be required to submit sample proposed instructions along with its opposition to this motion.**

The government plainly did not instruct the grand jury on each of these crimes. The S-2 Indictment does not indicate which particular crimes the grand jury considered or ensure that the government is tied at trial to those legal theories. This is impermissible, and Count One should be dismissed. (Mot. 29-31; Reply 3-6). *See also United States v. Basciano*, 599 F.3d 184, 206 (2d Cir. 2010) (defendant cannot be convicted where "'neither this nor any other court can know that the grand jury would have been willing to charge' [the] defendant on [that] theory") (quoting *Stirone v. United States,* 361 U.S. 212, 217 (1960)); *United States v. Roshko*, 969 F.2d 1, 5 (2d Cir. 1992) (government may not "introduce[] a new theory of criminality in violation of the fifth

5

amendment's grand jury clause"); *cf. United States v. D'Amato*, 39 F.3d 1249, 1255 (2d Cir. 1994) (evaluating the "two separate legal theories" charged by the grand jury).

### 2. *The Predicate Acts Alleged In Count Two Are Inadequate*

Count Two, the substantive RICO count, should be dismissed for similar reasons. Count Two charges individual instances of conduct as predicate acts and therefore resembles Count One in the S-1 Indictment. Just like Count One in the S-1 Indictment (Mot. 26-28), Count Two includes predicate acts that rely on other, Underlying Offenses, but those predicate acts fail to identify which of several possible Underlying Offenses they rely on.

- Act 1-A corresponds to Act 1-A in the prior indictment and similarly fails to identify the Underlying Offense(s). (*Compare* S-2 ¶ 19, *with* S-1 ¶ 17; *see* Mot. 27).

- Act 1-B corresponds to Act 1-B in the prior indictment and similarly fails to identify the Underlying Offense(s). (*Compare* S-2 ¶ 20, *with* S-1 ¶ 18; *see* Mot. 27).

- Acts 5-A, 5-B, and 5-C correspond to Acts 2-A, 2-B, and 2-C in the prior indictment and similarly fail to identify the Underlying Offense(s). (*Compare* S-2 ¶¶ 25-27, *with* S-1 ¶¶ 19-21; *see* Mot. 27-28).

- Act 7 corresponds to Act 4 in the prior indictment and similarly fails to identify the Underlying Offense(s). (*Compare* S-2 ¶ 29, *with* S-1 ¶ 23; *see* Mot. 27-28).

- Act 8 is analogous to Act 5-B in the prior indictment, although the "specified unlawful activity" underlying the money laundering offense is a violation of a different immigration-related statute: 18 U.S.C. § 1546 rather than 8 U.S.C. § 1324. (*Compare* S-2 ¶ 30, *with* S-1 ¶ 25; *see* Mot. 28). As explained above in connection with Count One, § 1546 lists multiple crimes, just like § 1324. Act 8 does not identify which of these potential Underlying Offenses is charged.

- Acts 9-A and 9-B correspond to Acts 6-A and 6-B in the prior indictment and similarly fails to identify the Underlying Offense(s). (*Compare* S-2 ¶¶ 32-33, *with* S-1 ¶¶ 26-27; *see* Mot. 28).

- Act 11 charges a violation of 18 U.S.C. § 1546 in connection with "an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder." (S-2 ¶ 35). It does not, however, identify those laws or regulations. In that way, it is deficient for reasons similar to Act 5-A in the prior indictment, which referred to an unspecified "violation of [immigration] law." (Mot. 28).

6

The analysis in Bronfman's prior motion to dismiss is squarely applicable. (Mot. 29-31; Reply 2-6). And the government's responses are inapplicable (Dkt. 248 at 26-30), since they relied entirely on the fact that Count One of the S-1 Indictment charged a RICO *conspiracy*, not a substantive RICO violation. *See also United States v. Vendetti*, No. 10-CR-360, 2013 WL 5522434, at *7 (W.D.N.Y. Oct. 3, 2013) (dismissing racketeering act in substantive RICO count for vagueness); *United States v. Cardamon*, No. 87 CR 014, 1987 WL 9323, at *2 (N.D. Ill. Apr. 3, 1987) ("predicate acts are not only important 'elements of the crime' but they are also, by definition, distinct offenses," and "the failure to specify the underlying criminal activity in the indictment can effectively preclude the exact identification of what is being charged") (quoting *United States v. Neapolitan*, 791 F.2d 489, 501 (7th Cir. 1986)).

Count Two should be dismissed.

### C. Several Predicate Acts And Count Eleven Fail To Allege The Essential Elements Of Their "Underlying Offenses"

When a crime depends on an Underlying Offense, an indictment that charges that crime must plead the elements of the Underlying Offense as well. (Mot. 32-34; Reply 7-8). In charging Count One, the S-2 Indictment fails to plead (a) the elements of any predicate acts or (b) the elements of any Underlying Offenses on which those predicate acts rely. (*See* Point I.B.1 *supra*). In charging Count Two, the S-2 Indictment fails to plead the elements of the Underlying Offenses for the predicate acts identified above. (*See* Point I.B.2 *supra*). In addition, Act 14 and Count Eleven in the S-2 Indictment correspond to Act 10 and Count Seven in the S-1 Indictment. (*Compare* S-2 ¶¶ 40, 49, *with* S-1 ¶¶ 34, 40). As before, they fail to plead the elements of their Underlying Offense, tax evasion. (Mot. 28, 34).

Counts One, Two, and Eleven should therefore be dismissed.

7

### D. Count Two, Act 11, Is Missing Essential Elements

Count Two should be dismissed for the further reason that Act 11 is missing essential elements. In Act 11, entitled "Visa Fraud," the grand jury charged that

> [i]n or about and between October 2015 and January 2018, both dates being approximate and inclusive, within the Northern District of New York and elsewhere, the defendant CLARE BRONFMAN, together with others, did knowingly and intentionally present an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, which contained one or more false statements with respect to a material fact and which failed to contain any reasonable basis in law and fact, to wit: BRONFMAN caused to be submitted to the United States consulate an offer of employment that BRONFMAN knew to contain materially false and fraudulent statements, which offer of employment was submitted in support of a visa application for another individual, in violation of Title 18, United States Code, Sections 1546(a) and 2.

(S-2 ¶ 35). The relevant portion of the visa fraud statute charged in Act 11 provides:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact—
>
> Shall be fined under this title or imprisoned . . . or both.

18 U.S.C. § 1546(a). There are two key deficiencies in Act 11.

*First*, while Act 11 suggests that Bronfman submitted "materially false and fraudulent statements" to a United States consulate, it does not identify those statements or the basis for concluding they were false. This is a fatal defect because "in charges of criminal falsity," the indictment must "specif[y] . . . what statements are alleged to be false, and in what respect they are false." *United States v. Stringer*, 730 F.3d 120, 126-27 (2d Cir. 2013) (citing *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000), and *United States v. Tonelli*, 577 F.2d 194, 200 (3d Cir. 1978)); *see also Tonelli*, 577 F.2d at 196 (indictment must "set forth the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to determine its

8

verity and to allow meaningful judicial review of the materiality of those falsehoods"); *United States v. Menendez*, 137 F. Supp. 3d 688, 706 (D.N.J. 2015) (same, citing *Stringer* and *Tonelli*); *United States v. Fried*, 450 F. Supp. 90, 93-95 (S.D.N.Y. 1978) (dismissing counts that failed to "state precisely" what was false, and holding that bill of particulars did not cure problem because it could "not [show] what the grand jurors . . . thought they were charging when they voted").

*Second*, Act 11 does not state that the false statements at issue were made under oath or penalty of perjury. It therefore fails to state an offense, because the statute imposes criminal liability only if the false statements "knowingly ma[d]e" or "knowingly present[ed]" by the defendant were made under oath or penalty of perjury. *United States v. Ashurov*, 726 F.3d 395, 396-402 (3d Cir. 2013). The Second Circuit has held that this requirement does not apply to the "knowingly presents" clause charged here, *see United States v. Khalje*, 658 F.2d 90, 91-92 (2d Cir. 1981), but it is wrong, as the Third Circuit explained in *Ashurov*, 726 F.3d at 401-02. We recognize this Court must hold otherwise, but we preserve the issue in the event of an appeal.

Nevertheless, the first reason is a sufficient basis to dismiss Count Two.[5]

E.   **Count Two, Act 1-A, Relies On An Unconstitutional Statute**

Act 1-A charges an identity theft conspiracy in furtherance of violations of 8 U.S.C. § 1324(a)(1)(A). (S-2 ¶ 19). That statute includes § 1324(a)(1)(A)(iv), which violates the First Amendment and is facially invalid. (*See* Supp. Mot.; Supp. Reply). Since Act 1-A apparently relies on that subsection of § 1324(a)(1)(A) among others, it should be dismissed.

---

[5] The deficiencies in Act 11 also apply to Act 8, which charges money laundering "with the intent to promote . . . visa fraud, in violation of Title 18, United States Code, Section 1546." (S-2 ¶ 30). As explained above, the Indictment does not identify which of several potential visa fraud offenses was intended, let alone plead the elements of that visa fraud offense. (*See* Points I.B.2, I.C *supra*). If it was a false statement offense of the type alleged in Act 11, Act 8 does not identify the false statement or allege any basis for concluding that it was false, as required.

9

## II. COUNTS ONE AND TWO MUST BE DISMISSED FOR FAILURE TO ALLEGE A PATTERN OF RACKETEERING ACTIVITY

In the S-1 Indictment, Count One was fatally flawed because it failed to adequately allege that the predicate acts were vertically or horizontally related, as required to plead a pattern of racketeering activity. (Mot. 13-21; Reply 9-16). In the S-2 Indictment, Counts One and Two should be dismissed for precisely the same reasons. Neither RICO count alleges how the predicate acts relate to the enterprise or to each other. Moreover, there continues to be a clear distinction—which has widened to a vast gulf—between the acts charged against Bronfman and those charged against the Defendants allegedly involved in DOS. (*Compare* S-2 ¶¶ 25, 27, 30, 35, 40, *with* S-2 ¶¶ 21-23, 32-34, 37-39). The new charges against Raniere simply add another unrelated group of predicate acts (S-2 ¶¶ 21-23), demonstrating that there is no cohesion to this collection of disparate acts, some involving Raniere's alleged sex-related offenses, and others alleging financial offenses such as wire transfers in furtherance of visa fraud.

## III. COUNTS ONE AND TWO ARE IMPERMISSIBLY DUPLICITOUS

The lack of relationship between predicate acts also shows that, like Count One in the S-1 Indictment, Counts One and Two in the S-2 Indictment are impermissibly duplicitous. (Mot. 21-26; Reply 16-18).

## IV. COUNT ELEVEN MUST BE DISMISSED FOR LACK OF VENUE

Count Eleven in the S-2 Indictment corresponds to Count Seven in the S-1 Indictment. (*Compare* S-2 ¶ 49, *with* S-1 ¶ 40). The government conceded this count lacked venue, and since it has not cured the problem, the count must be dismissed. (Mot. 34-36; Reply 18; Jan. 9, 2019 Tr. 5-6 ("the government agrees it can't be part of the pending trial")).

To be clear, we seek one remedy alone: dismissal. Venue is a right protected by the Constitution and the Federal Rules. (Mot. 35). "[T]he government must prosecute an offense in

10

a district where the offense was committed," Fed. R. Crim. P. 18, and "improper venue" is a "defect in instituting the prosecution," Fed. R. Crim. P. 12(b)(3)(A)(i). That is why defendants are able to "move[] to dismiss the indictment . . . for improper venue." *United States v. Cabrales*, 524 U.S. 1, 4 (1998); *accord United States v. Motz*, 652 F. Supp. 2d 284, 290 (E.D.N.Y. 2009) (to survive a "motion to dismiss," indictment must "allege venue"); *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005) ("Where venue is challenged on a pre-trial motion to dismiss," the government must "show[] that the indictment alleges facts sufficient to support venue."). And it is why, when one district court "granted [a] motion to dismiss" for lack of venue, the Court of Appeals "affirmed the . . . dismissal," and the Supreme Court "affirm[ed] the . . . judgment" of dismissal as well. *Cabrales*, 524 U.S. at 4-6.

We do not consent to transfer Count Eleven to the Northern District of New York, which the government alleges is the proper venue. A prosecution may be transferred to another district only with the consent of the defendant. *See* Fed. R. Crim. P. 20, 21. If the government seeks to prosecute Count Eleven in the Northern District, it must attempt to indict Bronfman there. It is unconscionable for the government willfully to indict criminal defendants in the wrong district— in flagrant violation of the law, and with full knowledge that the defendants object to venue— and then try to coerce them into accepting the government's preferred forum by threatening increased criminal penalties unless they "waive venue." (Mar. 18, 2019 Tr. 4-5, 19).

## V. COUNTS ONE AND TWO ARE UNCONSTITUTIONALLY VAGUE

Like Count One of the S-1 Indictment, Counts One and Two of the S-2 Indictment invoke the RICO statute, which is unconstitutionally vague. (Mot. 36; Reply 18-19).

## VI. THE COURT SHOULD DISMISS THE S-1 INDICTMENT AS WELL

The Court should dismiss the S-1 Indictment for the reasons discussed in Bronfman's prior briefing. While the S-2 Indictment has replaced the S-1 Indictment as the operative

11

charging instrument, the S-1 Indictment is not moot. Several Courts of Appeals have held that "an indictment remains pending against a defendant until it is dismissed by the trial court," despite the return of a superseding indictment. *Jones v. United States*, 99 A.3d 679, 689 & nn.20-21 (D.C. 2014) (collecting federal cases). If the Court dismisses the S-2 Indictment, Bronfman has a cognizable interest in ensuring that any remaining charges are dismissed.

**VII.   BRONFMAN IS ENTITLED TO A BILL OF PARTICULARS**

If the Indictments are not dismissed, Bronfman is entitled to a bill of particulars. The Court should direct the government to furnish the particulars requested in her prior briefing, which remain relevant to the pending charges. (Mot. 36-38; Reply 19-20; *cf.* Dkt. 368 at 2-3). Bronfman has also requested further particulars concerning the S-2 Indictment. (Declaration of Kathleen E. Cassidy ("Cassidy Decl.") ¶¶ 2-3, Exs. A-B). The government has refused to provide them, other than identifying the John and Jane Does. (*Id.* ¶ 4).

The government must (1) identify any false statements underlying the charges, such as visa fraud, and the basis for their falsity (*see* Point I.D *supra*); (2) identify the tax allegedly due and evaded as alleged in Act 14 and Count Eleven (Mot. 38; Reply 19); and (3) name all alleged co-conspirators (Mot. 38; Reply 20). This information is crucial, particularly given that the government, less than four weeks before jury selection, added an entirely new racketeering act alleging visa fraud and substantially amended another racketeering act to add visa fraud as the underlying offense, but failed to identify the alleged false statements as to either fraud charge. This information, at a minimum, must be provided immediately.

Moreover, as explained above, Count One does not identify *any* predicate acts and simply alleges that they were indictable under broad, multi-pronged statutes. If Count One is not dismissed (which it clearly should be), Bronfman cannot possibly prepare her defense without knowing the specific predicate acts within the scope of the conspiracy, the specific statutory

12

provisions they allegedly violated or would have violated, and any Underlying Offenses on which those purported violations rely. *See, e.g.*, *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998) (bill of particulars "is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge"); *United States v. Sierra*, No. 11 CR. 1032 PAE, 2012 WL 2866417, at *2, *5 (S.D.N.Y. July 11, 2012) (directing government to provide "meaningful and concrete pretrial notice" concerning "particular" acts within RICO conspiracy).

Notably, in the prior round of briefing, the government failed to dispute that it was obligated to identify the specific statutory provisions. (Reply 19). Without them, it is impossible to draft jury instructions for Count One. (*Id.*; *see also* Point I.B.1 *supra*). And without knowing the Underlying Offenses left unspecified in Count Two, we cannot draft jury instructions for that count either. (*See* Point I.B.2 *supra*). Nor is it possible to adequately prepare factual defenses or motions *in limine*, which plainly depend on the applicable law.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Indictments against Bronfman or, at a minimum, order the government to provide the requested bill of particulars.

13

Dated:  March 22, 2019
        New York, New York                    Respectfully submitted,

                                              /s/ Alexandra A.E. Shapiro
Mark J. Geragos                               Alexandra A.E. Shapiro
Geragos & Geragos, APC                        Fabien M. Thayamballi
644 S. Figueroa St.                           Shapiro Arato LLP
Los Angeles, CA 90017                         500 Fifth Avenue, 40th Floor
(213) 625-3900                                New York, New York 10110
                                              (212) 257-4880

Tina Glandian                                 Kathleen E. Cassidy
Geragos & Geragos, APC                        Caroline M. Grosshans
256 5th Avenue                                Hafetz & Necheles LLP
New York, New York 10001                      10 East 40th Street, 48th Floor
(213) 625-3900                                New York, New York 10016
                                              (212) 997-7400


                                              *Attorneys for Defendant Clare Bronfman*