# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 EAST 40TH STREET, 48TH FLOOR
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

August 15, 2019

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear Judge Garaufis:

    We write to respectfully request a modification of Ms. Bronfman's bail conditions. Pretrial Services endorses the modifications proposed herein, and has confirmed Ms. Bronfman's full compliance with all conditions of her release to date.

    As the Court is aware, Ms. Bronfman was released on a $100 million bond secured by $50 million in assets. She has been on home detention with electronic monitoring since her arrest more than a year ago on July 24, 2018. Aside from Pretrial-approved attorney and medical visits, Ms. Bronfman currently has permission to leave her home for outdoor exercise and shopping for necessities 3 days a week for a total of 5 hours. She has been meticulously compliant with all restrictions and requirements set by the Court and/or by Pretrial Services[1], and, as discussed below, has used the time on home detention since her guilty plea in order to advance her education.

    However, now that sentencings in this case have been adjourned *sine die*, Ms. Bronfman seeks a modest amendment to her conditions of release, primarily for the purpose of allowing her to better use the time until sentencing in a productive and rehabilitative way.

    Prior to the initiation of this case, Ms. Bronfman had only completed school through the tenth grade. She has been working diligently over the past several months to prepare herself for the TASC test, a national high school equivalency exam.[2] In preparation for this exam Ms.

---

[1] I have confirmed Ms. Bronfman's compliance with all her release conditions with her Pretrial Officer Michael Dorn.
[2] The TASC (Test Assessing Secondary Completion) test assesses five subject areas, Reading, Writing, Mathematics, Science, and Social Studies. In New York State, as of January 2, 2014 TASC has replaced the GED

HAFETZ & NECHELES LLP

Bronfman has taken over 160 hours of online classes, in addition to many hours of practicing exam essays and math. Ms. Bronfman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Successfully passing the TASC will allow Ms. Bronfman to obtain a high school equivalency diploma.

In order to continue her studies beyond the high school level, Ms. Bronfman also seeks to register ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Studying for the TASC test has inspired Ms. Bronfman to continue her education past the high school level. In light of Ms. Bronfman's impending sentencing, she understands it is not practical to begin a two-year college program at this point. Ms. Bronfman hopes that by taking basic adult education classes in areas such as anatomy, physiology, English literature, and writing, for as long as she is able to under the circumstances, she will continue to build on what she has learned in her TASC coursework and lay the groundwork for pursuing higher education in the future after the conclusion of her criminal case.

Ms. Bronfman also seeks to spend additional time outdoors for running, exercising, and grocery shopping. As Your Honor is aware, she has no family she is in contact with in New York and she has significant restrictions on her associations, allowing for little interaction with anyone other than her attorneys. She uses the vast majority of her permitted outdoor time for running. Exercise continues to be critical to Ms. Bronfman's mental and physical health.

Pretrial Services has proposed that Ms. Bronfman be able to move freely during the day to facilitate her participation in the above activities, subject to a curfew as directed by Pretrial; electronic monitoring would continue. Ms. Bronfman thus respectfully requests that the Court modify her release conditions from home detention with electronic monitoring to a curfew as directed by Pretrial with electronic monitoring. I have conferred with Ms. Bronfman's suretors on her bond, her mother and brother-in-law, who are in regular touch with her, and they have assured me that they are confident that she will continue to comply with all Court and Pretrial-imposed requirements and are in favor of modifying her conditions to a curfew. The government opposes Ms. Bronfman's request to modify her conditions to a curfew.

In the event that the Court does not grant Ms. Bronfman's request to be modified to a curfew with electronic monitoring, in the alternative, we seek the Court's permission for the following specific modifications:

1. Permission to leave her apartment to take the TASC test ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Specific information regarding the schedule and transportation would be provided to Pretrial in advance.

2. Permission to register for and attend ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Her course schedule and specific travel arrangements would be provided to Pretrial for approval in advance.

---

as the primary pathway to a New York State High School Equivalency Diploma. The examination is jointly administered by the New York State Department of Education and takes approximately nine hours to complete.

HAFETZ & NECHELES LLP

      3. Permission for an additional three days of outside time—ninety minutes each day. Ms. Bronfman would use this time primarily for exercise and also to buy groceries or other necessities as permitted by Pretrial. Currently she is allowed out of the home for five hours each week over the course of three days. We respectfully request an additional four-and-a-half-hours of outside time a week in which she would be allowed to exercise or grocery shop.

      Counsel for the government has informed me that they consent to her taking the TASC test, but oppose other bail modifications at this time.

[REDACTED]

      We thank the Court for its consideration of these requests.

                    Respectfully submitted,

                      /s/

                      Kathleen E. Cassidy
                      Caroline M. Grosshans

cc:    AUSAs Moira Penza and Tanya Hajjar (via ECF)
       Pretrial Services Officer Michael Dorn (by email)